**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

April 11, 2018

Edward R. Callaham
378 W. Passaic St.
Rochelle Park, NJ 07662
*Pro Se Plaintiff*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

 Re: **Callaham v. Bergen County et al.**
   **Civil Action No. 18-4788 (SDW)(LDW)**

Mr. Callaham:

  This Court having considered the allegations in the Complaint, and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, *sua sponte* dismisses Plaintiff's Complaint.

  On March 26, 2018, Plaintiff Edward R. Callaham, a litigant proceeding *pro se*, commenced this civil action, alleging violations of 42 U.S.C. §§ 1983, 12101, 18 U.S.C. §§ 1961-68, and the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution. (*See generally*, Compl., ECF No. 1.) Plaintiff alleges that the events giving rise to his claims began in October 2012, when he was incarcerated in Bergen County Jail in Hackensack, New Jersey. (Compl. at 8.) Plaintiff alleges he was incarcerated for six (6) months, seventy-two (72) days of which were spent in general population. (*Id.*) Plaintiff also alleges a violation of his due process rights as it relates to a hearing that took place on March 20, 2018 in state court. (*Id.*)

  It is well-established that a "federal court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations within the complaint 'are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . obviously frivolous, . . . plainly unsubstantial, . . . or no longer open to discussion.'" *DeGrazia v. Fed. Bureau of Investigation*, 316 F. App'x 172, 173 (3d Cir. 2009) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). It is also well-settled that claims brought pursuant to 42 U.S.C. §§ 1983, 12101 are subject to the applicable state's statute of limitations for personal injury actions. *Ward v. Hudson Cty. Dep't of Corr.*, No. 15-652, 2015 U.S. Dist. LEXIS 147383, at *8 (D.N.J. Oct. 30, 2015) (§ 12101 claims); *Vargas v. City of Hackensack*, No. 10-2212, 2010 U.S. Dist. LEXIS 132049, at *9-10 (D.N.J. Dec. 14, 2010) (citing *Wilson v. Garcia*, 471 U.S. 261, 268, 275-76 (1985) (§ 1983 claims)). In New Jersey, N.J. Stat.

Ann. § 2A:14-2 provides that a personal injury action must be commenced within two years of the accrual of the cause of action. *Vargas*, 2010 U.S. Dist. LEXIS 132049, at *10 (citing *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010)).

      Here, even a liberal reading of when Plaintiff's cause of action accrued (i.e. April 2013, six months after Plaintiff was incarcerated) shows that the statute of limitations expired prior to Plaintiff commencing this action on March 26, 2018. Therefore, the Complaint must be dismissed as time-barred. Additionally, this Court lacks subject matter jurisdiction over the claims related to events that occurred on March 20, 2018 in state court. *See Hatfield v. Berube*, No. 17-2354, 2017 U.S. App. LEXIS 18837, at *6 (3d Cir. Sept. 29, 2017) (explaining that "[t]he *Rooker-Feldman* doctrine provides that federal district courts lack subject matter jurisdiction to sit in direct review of state court decisions."); *see also Goodson v. Maggi*, No. 08-44, 2009 U.S. Dist. LEXIS 83768, at *23-24 (W.D. Pa. Aug. 31, 2009) (The *Rooker-Feldman* doctrine "applies even where the challenges to the state court judgment allege that the state court's action was unconstitutional, such as a deprivation of due process and equal protection rights."). As such, Plaintiff's Complaint is dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[1] An appropriate order follows.

                                                /s/ Susan D. Wigenton
                                       **SUSAN D. WIGENTON, U.S.D.J.**

Orig:        Clerk
cc:          Leda D. Wettre, U.S.M.J.
               Parties

---

[1] This Court notes that the named defendants include, but are not limited to, Bergen County, Bergen County Sheriff's Office, Bergen County Child Support, and other individuals. There is no allegation that any of the Defendants were acting outside the scope of their respective duties. Thus, even if Plaintiff's claims were not time-barred, his claims are likely barred by the Eleventh Amendment. *See McGee v. Thomas*, No. 16-5501, 2018 U.S. Dist. LEXIS 4313, at *15 (E.D. Pa. Jan. 10, 2018) (citing *MCI Telecomm. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 503 (3d Cir. 2001)).